IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLIE H. NELSON,<br><br>        Plaintiff,<br><br>v.<br><br>JANET NAPOLITANO,<br>SECRETARY OF THE<br>DEPARTMENT OF HOMELAND<br>SECURITY,<br><br>        Defendant. | Case No. CV-09-310-S-BLW<br><br>**MEMORANDUM<br>DECISION AND ORDER** |

Before the Court is Defendant United States' Motion to Dismiss (Docket No. 6). The Court has reviewed the pleadings and considered oral argument from hearing on October 13, 2009, and enters the following Memorandum Decision and Order granting the Motion in part, and denying it in part, for the reasons set forth below.

## I.  BACKGROUND

Plaintiff Kellie H. Nelson was employed by the Transportation Security Administration ("TSA"), an agency of the Department of Homeland Security, starting in 2005. Although initially employed in Boise, Idaho, she transferred to a

**Memorandum Decision & Order - page 1**

TSA office in California in 2006. In a Complaint filed June 24, 2009, Nelson alleges that she suffered gender discrimination, a hostile work environment, and retaliation from acts committed by her Boise Supervisor, Douglas Melvin. The United States now brings this Motion (Docket No. 6) to Dismiss allegations in identified paragraphs of Nelson's Complaint (Docket No. 1). The United States requests dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) with respect to allegations in paragraphs 18, 19, 24, 29, 32, 33, 34, 35, 36, 54, 59 and 62; and for failure to state a claim upon which relief can be granted under Rule 12(b)(6) with respect to allegations in paragraphs 17, 18, 19, 20, 21, 22, 23, 25, 29, 30, 35, 59, and 62.

## II.   ANALYSIS

**A.   To Avoid Dismissal Under Rule 12(b)(1), Nelson Must Show That She Timely Filed An Administrative Complaint, And That Her Allegations Were, Or Could Reasonably Have Been Expected To Be Investigated By The EEOC Pursuant To That Complaint**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may bring a motion to dismiss for lack of subject matter jurisdiction. In a motion challenging subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of showing there is jurisdiction to survive defendant's motion to dismiss. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). When considering a motion to dismiss under Rule 12(b)(1), the Court "is not

**Memorandum Decision & Order - page 2**

restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989)(other citations omitted).

To establish subject matter jurisdiction in a suit under Title VII, a claimant must exhaust administrative remedies "by filing a timely charge with the EEOC." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2004), *citing* 42 U.S.C. § 2000e-5(b); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Under Title VII, the charges must be "in writing under oath or affirmation." 42 U.S.C. § 2000e-5(b). The purpose of this requirement is to allow the agency an opportunity to investigate the charge(s) against it. *Vasquez*, 349 F.3d at 644, *citing B.K.B.*, 276 F.3d at 1100. Accordingly, "[s]ubject matter jurisdiction extends to all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge." *Id.* In determining the scope of jurisdiction, the Court here must look to the charges in Nelson's written Administrative Complaint.

**B.    Nelson Has Met Her Burden Of Showing The Court Has Jurisdiction For Many, But Not All Allegations That The United States Seeks To Dismiss**

In written opposition to the United States's Motion, and at oral argument,

**Memorandum Decision & Order - page 3**

Nelson made broad, unfocused references to her written Administrative Complaint. Nonetheless, upon careful review of the Administrative Complaint,[1] this Court finds that Nelson sufficiently raised several, though not all of her claims of employment discrimination.

With respect to a disparity in pay, Nelson wrote, "I was denied my Band increase on three separate occasions by Mr. Melvin for over a year. I was openly discriminated against and treated differently then [sic] the male ASI's . . .." Docket No. 8-7 at 15. Nelson could reasonably expect the EEOC investigation to address a claim of disparate pay based on charges in her Administrative Complaint. Accordingly, the United States's Motion under Rule 12(b)(1), to dismiss allegations in paragraphs 18, 29, and 34 of the Complaint (Docket No. 1) regarding disparate pay is denied.

The Court also finds that Nelson's Administrative Complaint included claims of discrimination on the basis of sex in the form of humiliation, abuse, threats of termination, harassment, and retaliation. Docket No. 8-7 at 13-15, 18; Docket No. 8-8 at 4, 9, 15-17. The United States's Motion to dismiss paragraphs 19, 29, 59, and 62 in the Complaint (Docket No. 1) is therefore denied. Likewise,

---

[1] Nelson's written Administrative Complaint was filed with Plaintiff's Memorandum in Opposition to Motion as Attachments 7 and 8 to Docket No. 8, and titled Nelson Exhibits D and E.

**Memorandum Decision & Order - page 4**

Paragraph 35 of the Complaint (Docket No. 1), refers to allegations concerning the Plaintiff being replaced by a male coworker for the pandemic flu project, an issue that was raised in the Administrative Complaint (Docket No. 8-7) at 14.  Thus, the United States's motion to dismiss paragraph 35 is also denied.

There are a number of assertions that are not found in the Administrative Complaint.  Nelson has not met her burden of proving that the Court has jurisdiction to consider the following paragraphs of the Complaint (Docket No. 1) for which the United States seeks dismissal:

- 24 – that credit for her work was given to male coworkers

- 32 – denial of access to TSA systems

- 33 – that credit for her work went to male coworkers

- 36 – that she was directed to stop participating in "the community outreach program" and this work was given to a male co-worker

- 54 – that she was wrongfully denied a bonus given to two male coworkers

Nelson has failed to show through pleadings or at oral argument, either that the EEOC did investigate these allegations, or that such an investigation could reasonably have grown out of her administrative complaint.  The United States's Motion to dismiss under Rule 12(b)(1) with respect to paragraphs 24, 32, 33, 36, and 54, is therefore granted.

**Memorandum Decision & Order - page 5**

Claims that may have survived dismissal on jurisdictional grounds may be dismissed for lack of available relief. The United States's second basis for dismissal is under Rule 12(b)(6), for failure to state a claim on which relief can be granted.

**C.     To Avoid Dismissal Under Rule 12(b)(6), Nelson Must Show Sufficient Factual Allegations And Exhaustion Of Administrative Requirements**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are

**Memorandum Decision & Order - page 6**

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In this case, a plausible claim for relief must assert facts that demonstrate that administrative remedies were exhausted. A party alleging employment discrimination under Title VII of the Civil Rights Act must report the discrimination to an EEO counselor within forty-five days of the discriminatory act. 29 C.F.R. § 1614.105(a)(1). Allegations of discrimination that was not reported to an EEO counselor within forty-five days of the discriminatory act are

**Memorandum Decision & Order - page 7**

subject to dismissal under Rule 12(b)(6).

**D.      Nelson Has Not Met Her Burden Of Showing Her Complaint Asserts Facts Sufficient To Avoid Dismissal With Respect To Several, But Not All Claims Identified In The United States's Motion**

Nelson acknowledges that her first contact with an EEO counselor was January 19, 2006. Opposition to Motion (Docket No. 8) at 3. Thus, Nelson is precluded from asserting discriminatory acts that occurred before December 5, 2005, which was forty-five days before Nelson contacted the EEO Counselor. A number of Nelson's allegations in her Complaint (Docket No. 1) address incidents from before December 5, 2005. Because Nelson failed to contact an EEO counselor within forty-five days of these incidents, there is no relief available to address them. Accordingly, the Court grants the United States's Motion under Rule 12(b)(6) to dismiss paragraphs 17, 20 and 35, which involve incidents prior to December 5, 2005. The Court also grants the United States's Motion for those portions of paragraphs 18, 21, 25, 29 and 30, describing discrimination that took place before December 5, 2005.

Allegations in paragraph 59 of Nelson's Complaint (Docket No. 1) lack sufficient factual specificity to survive a motion to dismiss under Rule 12(b)(6). Rather than lending plausibility to Nelson's claim, they are general, conclusory and more akin to the "formulaic recitation of elements of a cause of action" that

**Memorandum Decision & Order - page 8**

supports dismissal under *Twombly* and *Iqbal*. Accordingly, the United States' Motion under Rule 12(b)(6) to dismiss paragraph 59 is granted.

In paragraphs 18, 19, 22 and 23, Nelson states that she endured extreme verbal abuse by Nelson's supervisor, Melvin, occurring throughout Nelson's employment under Melvin's supervision. These general allegations are consistent with a claim of a hostile work environment. A hostile work environment "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 115, 122 S.Ct. 2061, 2073 (2002), *citing* 42 U.S.C. § 2000e-5(e)(1). The hostile environment, in contrast to discrete acts of discrimination, can occur "over a series of days or perhaps years." *Morgan*, 536 U.S. at 115. Although a single act of harassment may not be actionable on its own, a hostile environment claim can be "based on the cumulative effect of individual acts." *Id.*

The assertions of a hostile work environment in paragraphs 18, 19, 22 and 23 of Nelson's Complaint lack the specificity offered in the Declaration attached to her Memorandum in Opposition to Motion. Docket No. 8-6 (Declaration dated August 24, 2009).[2] Despite this inconsistency, this Court finds that the allegations

---

[2] In her August 24, 2009 Declaration, Nelson identifies two discrete incidents in which she alleges she suffered discrimination in the form of a hostile work environment. According to Nelson, she was falsely accused of incompetence and bad decision-making in front of co-workers on December 16, 2005, and falsely accused of ethical violations and having an extra-marital affair, again in front co-workers, on January 18, 2006. Attachment 6 to Memorandum in

**Memorandum Decision & Order - page 9**

state facially sufficient and timely claims to relief, so as to survive the United States' Motion to Dismiss under Rule 12(b)(6).

The remaining allegations that the United States seeks to dismiss were raised within the required timeframe and contain sufficient specificity to survive the United States's Motion. Accordingly, the United States' Motion under Rule 12(b)(6) to dismiss allegations in paragraphs 21, 25, 29 and 30, not already addressed herein, is denied.

### E.  Nelson May Amend The Complaint

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Simpson*, 452 F.3d at 1046. The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

Accordingly, the Court will allow Nelson fifteen days to amend the

---

Opposition (Docket 8) at 2.

**Memorandum Decision & Order - page 10**

Complaint if the allegations dismissed herein could be cured by allegation of other facts.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 6) shall be, and the same is hereby, GRANTED with respect to the following paragraphs: 17, 20, 24, 32, 33, 35, 36, 54 and 59; and the portions of 18, 21, 25, 29 and 30 alleging discrimination that occurred before December 5, 2005.

IT IS FURTHER ORDERED that Defendant's Motion shall be, and the same is hereby DENIED as to the remaining allegations in paragraphs 18, 21, 25, 29 and 30, and to paragraphs 19, 22, 23, 34 and 62.

DATED:  **November 9, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge