UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLIE H. NELSON,<br><br>               Plaintiff,<br><br>   v.<br><br>JANET NAPOLITANO, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY,<br><br>               Defendant. | Case No. 1:09-cv-00310-BLW<br><br>**ORDER** |

On October 27, 2010, the Court ordered that Defendant provide three personnel files for an *in camera* review for relevance. *Order*, Dkt. 38. Defendant contends that Plaintiff's request for the personnel files is overly broad and irrelevant. Having reviewed the documents at issue, the Court rules as follows.

Rule 26 of the Federal Rules of Civil Procedure governs discovery of the files. Under that rule, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."[1] Fed. R. Civ. P. 26(b)(1). The information sought must appear "reasonably calculated to lead to the discovery of admissible evidence." *Id*. Issues relating to the scope of discovery permitted

---

[1] Defendant has conceded that there is no issue of privilege in this case.

under the Rules rest in the sound discretion of the District Court. *Munoz-Santana v. U.S. Immigration and Naturalization Service*, 742 F.2d 561, 562 (9th Cir. 1984). It is well established that a defendant's claim of irrelevance or privilege must be balanced against a plaintiff's argument of need. *Kerr v. United States*, 426 U.S. 394, 404 (1976).

Here, Defendant asserts that the subject documents are not relevant, while Plaintiff argues that production is not unduly burdensome and the requested documents are sufficiently relevant. On its review, the Court finds that the majority of the documents at issue have marginal relevance. However, relevance of the requested personnel files is more in the eye of the beholder than subject to strict legal demarcations. While the Court recognizes that the files may have little if any use to Plaintiff, production of the files should not be limited to defense counsel's own determination of what may be "reasonably calculated to lead to the discovery of admissible evidence." The Court does not sit as an advocate for Plaintiff, nor is it privy to the legal theories Plaintiff may seek to advance; counsel for Plaintiff – and not the Court – is in the best position to determine whether documents of marginal relevance could or could not lead to the discovery of admissible evidence.

The Court's concern, as noted in its *Order* (Dkt. 38) to provide files for this *in camera* review, is to protect sensitive or privileged materials from discovery under Rule 26(b)(1). On its review, the Court found no materials of a sensitive or privileged nature. In addition, the Court found that a number of documents are clearly relevant to this

action, especially concerning Mr. Melvin's file. Accordingly, Defendant's undifferentiated objection to production of the files is overruled.

## ORDER

**IT IS ORDERED THAT:**

The Court's complete copy of the personnel files of Melvin, Grim, and Walston will be available for defense counsel at the courthouse. Defendant shall provide the personnel files to Plaintiff, by November 26, 2010.

DATED: **November 19, 2010**

B. LYNN WINMILL
Chief U.S. District Court Judge